**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

AMERICAN COMMUNITY LENDING
 HOLDINGS, LLC f/k/a CAZ CREEK
 LENDING HOLDINGS,LLC

PLAINTIFF

V.                                                           CASE NO. 4:26-cv-587

ENDEAVOR GROUP REAL ESTATE, LLC,
a Wyoming limited liability company AND
PRAMUKH MAHANT SENIOR LIVING              Jury Trial:      No
FORT WORTH, LLC, a Kentucky limited
Liability company

DEFENDANTS

_____

## **COMPLAINT**

COMES NOW, Plaintiff, by and through counsel, and files this Complaint against

Defendants as follows:

## **PARTIES**

1.      Plaintiff, American Community Lending Holdings, LLC f/k/a Caz Creek Lending

Holdings, LLC (hereinafter "Plaintiff"), is a Delaware limited liability company, with a principal

office or corporate address of 14800 Landmark Blvd., Suite 400, Dallas, Texas 75254, who does

business in numerous states, including the State of Texas.

2.      Defendant, Endeavor Group Real Estate, LLC, is a Wyoming limited liability

company, (hereinafter sometimes referred to as "Endeavor" or sometimes collectively with the

other named Defendants as "Defendant" or "Defendants" or Pledgors), with a principal or

corporate office located at 30 N. Gould Street, Suite N, Sheridan, Wyoming 82801.  Endeavor is

in violation of the terms of an Ownership Interest Pledge Agreement and can be served by certified

mail to its registered agent for service, Northwest Registered Agent Service, Inc., 30 N. Gould Street, Suite N, Sheridan, Wyoming 82801, for which let citation issue.

3.    Defendant, Pramukh Mahant Senior Living Fort Worth, LLC, is a Kentucky limited liability company, (hereinafter sometimes referred to as "Pramukh" or sometimes collectively with the other named Defendants as "Defendant" or "Defendants" or Pledgors), with a principal or corporate office located at 11165 Frontage Road, Walton, Kentucky 41094.  Pramukh is in violation of the terms of an Ownership Interest Pledge Agreement and can be served by certified mail to its registered agent for service, Harikrishna Patel, 11165 Frontage Road, Walton, Kentucky 41094, for which let citation issue.

## JURISDICTION AND VENUE

4.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the parties and amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a limited liability company formed under the laws of the State of Delaware with its principal place of business and headquartered in Texas. Defendant Endeavor is a limited liability company formed under the laws of Wyoming with its principal place of business in Wyoming. Defendant Pramukh is a limited liability company formed under the laws of the State of Kentucky with its principal place of business in Kentucky. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS

5.    On May 17, 2024, Defendant Endeavor and Defendant Pramukh executed an Ownership Interest Pledge Agreement wherein the ownership interests, inter alia, in and to the

entities owned by Calmont Villa FW, LLC were pledged to secure a loan by Plaintiff to Calmont Villa FW, LLC.  See attached Exhibit "A."

6.      Based, in part, and in reliance on the Ownership Pledge Agreements executed by Defendants, Plaintiff extended a Note and Deed of Trust to Calmont Villa FW, LLC in the amount of $6,510,187.56.

7.      All principal and interest under the Note became due on December 1, 2025. Neither the principal obligor, the guarantors, nor the Defendants have made payment of the matured Note. Notice of the default was given and yet no payment has been received by Plaintiff.

8.      Pursuant to paragraph 5.1.3 of the Ownership and Pledge Agreement, Defendants became liable and obligated to transfer all the ownership interest of Calmont Villa FW, LLC to Plaintiff when "…Any Event or Default occurs under any other Loan Document or other agreement, subject to any provision for notice and cure set forth in such Loan Document or other agreement."

9.      In addition, the Defendants guaranteed the payments owed by the principal obligor under the Loan Documents. Paragraph 4.6 states "Pledgor guarantees that Borrower will promptly pay, perform, observe, and satisfy all Obligations when due." Defendants have failed and refused to make any payment according to these obligations.

10.     As a result of their failure to comply with their payment obligations on the Note and failure to transfer the pledged ownership interests, Defendants became delinquent and in default pursuant to the terms of the Ownership Interest Pledge Agreement.

11.      As of the filing of this Complaint, and per the terms of the Ownership Interest Pledge Agreement, Defendants owe the remaining balance due pursuant to the Note, in addition

to pre-judgment interest, all legal fees and costs herein, any additional accrued interest, and other costs and fees.

## BREACH OF CONTRACT and SUIT ON OWNERSHIP INTEREST PLEDGE AGREEMENT

12. Plaintiff adopts and incorporates the allegations above as if fully set out herein.

13. As noted above, on May 17, 2024, Defendants entered into an Ownership Interest Pledge Agreement in relation to a Loan and Security Agreement, Note, Deed of Trust, and Guaranty with a third party.

14. As noted, Defendants agreed to guarantee the payment of the underlying loan and, in the event of default, to assign the borrowers interest in Defendants in furtherance of security for the loan. Defendants have not performed their obligations under the terms of Ownership Interest Pledge Agreement.

15. As a result of Defendants' failure to make payment and to transfer ownership interest to their respective entities, Plaintiff has been damaged as a direct and proximate result of Defendants' willful and wanton breach of the terms of the Ownership Interest Pledge Agreement.

16. As of the filing of this Complaint, Defendants are indebted to and have damaged Plaintiff in the amount of $6,155,325.06, exclusive of accruing interest, attorney's fees, and costs. Pursuant to the terms of the Ownership Interest Pledge Agreement and applicable law, Plaintiff seeks enforcement against the pledged ownership interests, including turnover, foreclosure, sale, and/or judicial valuation thereof, with the proceeds or value applied to the indebtedness. Plaintiff further seeks a deficiency judgment for all amounts remaining due after application of the collateral value.

17.    All conditions precedent to Plaintiff's claims for relief have been performed, have occurred, or have been waived.

18.    Paragraph 4.8 of the Ownership Interest Pledge Agreement expressly provides that Defendants are liable for Plaintiff's reasonable attorney's fees, costs, expenses incurred in enforcing the agreement and collecting the indebtedness. As a result of Defendant's default and breach, Plaintiff has retained counsel and incurred attorneys' fees and expenses. Plaintiff therefore seeks recovery of its reasonable and necessary attorneys' fees, litigation expenses, court costs, and all additional fees incurred through judgment, appeal, and post-judgment collection proceedings.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that Defendants be cited to appear and answer, and that upon final hearing, Plaintiff recover judgment against Defendants as follows:

a. For actual damages in an amount to be determined at trial, including all amounts due and owing under the Note, Loan Documents, and Ownership Interest Pledge Agreement, which as of the filing of this Complaint total not less than $6,155,325.06, together with all accrued and accruing interest at a rate commensurate with the terms of the loan;

b. For enforcement of Plaintiff's rights and remedies under the Ownership Interest Pledge Agreement, including turnover, foreclosure, transfer, sale, disposition, and/or judicial valuation of the pledged ownership interests;

c. For application of the value or proceeds of the pledged ownership interests as a credit against the indebtedness owed to Plaintiff;

d. For a deficiency judgment against Defendants for all amounts remaining due after application of the collateral value of proceeds;

e.  For reasonable and necessary attorneys' fees, expenses, and costs pursuant to Paragraph 4.8 of the Ownership Interest Pledge Agreement, the Loan Documents, and applicable law, including fees incurred through trial, appeal, post-judgment interest at the maximum rate allowed by law or as otherwise provided in the applicable agreements;

f.  For pre-judgment and post-judgment interest at the maximum rate allowed by law or as otherwise provided in the applicable agreements;

g.  For such other and further relief, at law or in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted this the 13th day of May 2026.

_/s/Virgil "Jay" Jordan_____
VIRGIL "JAY" JORDAN (TX SBN 24004728)
Pro Hac Vice
MCCALLA RAYMER LEIBERT PIERCE, LLC
Attorneys for Plaintiff
1320 Greenway Dr., Suite 780
Irving, Texas 75038-2550
Office: 469-409-4236
jay.jordan@mccalla.com