**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **AMERICAN COMMUNITY LENDING HOLDINGS, LLC, f/k/a, CAZ CREEK LENDING HOLDINGS, LLC**<br>**Plaintiff** | § | |
| **v.** | § | **CASE NO. 4:26-CV-587** |
| **ENDEAVOR GROUP REAL ESTATE, LLC, a Wyoming limited liability company AND PRAMUKH MAHANT SENIOR LIVING FORT WORTH, LLC, a Kentucky limited liability company**<br><br>**Defendants.** | § | |

---

**DEFENDANTS ENDEAVOR GROUP REAL ESTATE, LLC AND PRAMUKH MAHANT SENIOR LIVING FORT WORTH, LLC'S ORIGINAL ANSWER**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Defendants Endeavor Group Real Estate, LLC ("Endeavor") and Pramukh Mahant Senior Living Fort Worth, LLC ("Pramukh") (collectively, "Defendants"), by and through their undersigned counsel, and file this Original Answer in response to Plaintiff's Complaint (the "Complaint"), and respectfully show the Court as follows:

**RESPONSES TO SPECIFIC ALLEGATIONS**

Pursuant to Fed. R. Civ. P. 8(b), Defendants respond to the numbered paragraphs of the Complaint as follows. Any allegation not expressly admitted is hereby denied.

1. Paragraph 1 (Plaintiff Identity): Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's corporate status and address, and therefore deny them.

2. Paragraph 2 (Endeavor Identity): Defendants admit Endeavor is a Wyoming limited liability company with a principal office located at 30 N. Gould Street, Suite N, Sheridan, Wyoming 82801. Defendants specifically deny the allegation that Endeavor is in violation of the terms of an Ownership Interest Pledge Agreement.

3. Paragraph 3 (Pramukh Identity): Defendants admit Pramukh is a Kentucky limited liability company with a principal office located at 11165 Frontage Road, Walton, Kentucky, 41094. Defendants specifically deny the allegation that Pramukh is in violation of the terms of an Ownership Interest Pledge Agreement.

4. Paragraph 4 (Jurisdiction and Venue): The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that complete diversity of citizenship exists, but deny any remaining allegations, including that venue is proper.

5. Paragraph 5 (May 17, 2024 Agreement): Defendants admit that an Ownership Interest Pledge Agreement was executed on or about May 17, 2024, but state that the document speaks for itself. Defendants deny any allegations inconsistent with the express terms of the written agreement.

6. Paragraph 6 (Note and Deed of Trust): Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the specific extension of a Note and Deed of Trust to Calmont Villa FW, LLC in the amount of $6,510,187.56, and therefore deny them.

7. Paragraph 7 (Maturation/Default): Defendants deny the allegations contained in Paragraph 7.

8. Paragraph 8 (Paragraph 5.1.3 Terms): Defendants state that the Ownership Interest Pledge Agreement speaks for itself. Defendants deny any characterization of the document that is inconsistent with its actual terms, and deny any liability or obligation.

9. Paragraph 9 (Guaranty/Paragraph 4.6): Defendants state that the Ownership Interest Pledge Agreement speaks for itself. Defendants deny they have failed or refused to make required payments or that they have breached any obligations.

10. Paragraph 10 (Delinquency/Default): Defendants deny the allegations contained in Paragraph 10.

11. Paragraph 11 (Balances Owed): Defendants deny the allegations contained in Paragraph 11.

12. Paragraph 12 (Incorporation): Defendants incorporate their responses to Paragraphs 1 through 11 as if fully set forth therein.

13. Paragraph 13 (Ownership Pledge Details): Defendants admit an agreement was entered into on or about May 17, 2024, but state that the referenced documents speak for themselves. Defendants deny any characterizations inconsistent with the written documents.

14. Paragraph 14 (Breach of Obligations): Defendants deny the allegations contained in Paragraph 14.

15. Paragraph 15 (Damages/Willful Breach): Defendants deny the allegations contained in Paragraph 15.

16. Paragraph 16 (Indebtedness/Deficiency): Defendants deny the allegations contained in Paragraph 16, specifically denying that they are indebted to Plaintiff in the amount of $6,155,325.06 or any other amount.

17. Paragraph 17 (Conditions Precedent): Defendants deny the allegations contained in Paragraph 17.

18. Paragraph 18 (Attorney's Fees): Defendants state that the agreement speaks for itself regarding the attorney's fees, but deny that Plaintiff is entitled to recover any fees, expenses, or costs from Defendants.

## AFFIRMATIVE DEFENSES

19. Failure to State a Claim: Plaintiff's Complaint fails to state a claim upon which relief can be granted.

20. Failure to Mitigate: Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable steps to mitigate its alleged damages.

21. Waiver/Estoppel: Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

## PRAYER FOR RELIEF

For the reasons set forth above, Defendants Endeavor Group Real Estate, LLC and Pramukh Mahant Senior Living Fort Worth, LLC respectfully request that the Court:

a. Enter judgment in favor of Defendants, dismissing Plaintiff's Complaint with prejudice;

b. Order that Plaintiff take nothing by its suit;

c. Award Defendants their costs of court and reasonable attorney's fees incurred in defending this action; and

d. Grant Defendants such other and further relief, at law or in equity, to which they may be justly entitled.

By: */s/ Jourdan Wallace*

**Jourdan Wallace**
Texas Bar No. 24090453
Email: jwallace@silblawfirm.com
5050 Quorum Dr. Ste. 700
Dallas, Texas 75254
Tel. (972) 677-7570
Fax. (713) 255-4426
**Attorney for Defendants Endeavor Group Real Estate, LLC and Pramukh Mahant Senior Living Fort Worth, LLC**

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on July 17, 2026, a true and correct copy of this instrument was served via ECF on all counsel of record according to the Federal Rules of Civil Procedure.

By: */s/ Jourdan Wallace*

**JOURDAN WALLACE**